People v Bonilla (2023 NY Slip Op 00960)

People v Bonilla

2023 NY Slip Op 00960

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Ind. No. 832/15 Appeal No. 17375 Case No. 2018-2753 

[*1]The People of the State of New York, Respondent,
v
Harry Bonilla, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Hilary Dowling of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Order, Supreme Court, Bronx County (Margaret Clancy, J.), entered on or about March 27, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]). Defendant's level three classification did not result from his point score, but from the presumptive override to level three, which was based on his prior conviction of kidnapping in the second degree. Defendant argues that, although kidnapping involving a victim under 17 is classified as a sex offense (see Correction Law168-a[2][a][1]; People v Knox, 12 NY3d 60 [2009], cert denied 558 US 1011 [2009]), his kidnapping conviction did not involve allegations of sexual misconduct, and reliance on it overassesses his risk of sexual recidivism. While defendant may have identified a mitigating factor, that factor, and the other mitigating factors cited by defendant, are outweighed by aggravating factors.
"[T]he ultimate and paramount concern of the SORA risk-level assessment is an accurate determination of the risk a sex offender poses to the public" (People v Perez, 35 NY3d 85, 94 [2020]). Regardless of whether the kidnapping was shown to have a sexual motivation, it was an extremely violent attack on a 14 year old. Furthermore, in the underlying sex crime defendant sexually abused his 12 year old daughter while on parole in connection with the kidnapping conviction. The totality of factors demonstrated that defendant poses a high risk to the public.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023